### J. L. OWENS CO. v. BRADLEY et al.

(Circuit Court, D. Minnesota, Fourth Division. November 10, 1897.)

PATENTS—INTERPRETATION AND INFRINGEMENT—COCKLE MACHINES.

The Lucas patent, No. 274,797, for an improvement in machines for separating cockle from grain, consisting in an endless belt carrying parallel slats downward over an inclined screen, so as to hold back the grain and cause it to roll in slight banks above the slats, and thereby allow the small seeds

to pass through the screen more certainly, construed in the light of the prior art, and *held* not infringed.

This was a suit in equity by the J. L. Owens Company against Bradley, Clark & Co. for alleged infringement of a patent for an improvement in machines for separating cockle from grain.

Chas. S. Cairns, for complainant.

A. C. Paul, for defendants.

LOCHREN, District Judge. This suit was brought by the complainant as sole owner of letters patent 274,797, issued March 27, 1883, to John Lucas, of Hastings, Minn., for a new and useful apparatus named in said patent an "Improvement in Cockle Machines," against the defendant, for an alleged infringement of said patent since February 1, 1897, asking for an injunction against the defendant, and for an accounting by defendant of profits obtained through such infringement, and for damages.

The device in the Lucas patent which the complainant insists has been infringed by the defendant is described in the second specification of said Lucas patent as follows:

"(2) In a cockle separator, the combination of the inclined screen, c, and the endless belt, a, arranged above and parallel with the screen, and the cross slats, d, fixed upon the belt, a, and having their outer edges in contact with or in very close proximity to the screen, whereby the grain in its descent is held in banks against the edges of said slats and upon the surface of the screen as set forth."

The evidence as to the state of the art at the date of this patent shows not only that the use of an inclined screen to separate cockle and other seeds from grain by allowing the mass to run by its own gravity upon and down such inclined screen was then old and well known, but that also the use of an endless belt to pass over and parallel with such screen, and in contact with it, so as to hold the grain upon the netting, and retard the motion of the mass, that smaller seeds might be more likely to pass through the meshes of the screen than if the mass passed rapidly over it by gravitation, was also well known. The only novelty in the Lucas patent is the cross slats attached to the belt, and which, when the machine is in operation, pass over the under side of the belt down the incline of the screen, and in contact or close proximity with it, so that grain coming upon the top of the screen is held back against the slat, and forming a small bank against it passes down the screen less rapidly than unobstructed gravitation would carry it, and moving only with the slower motion of the belt such slight bank of grain rolls in its descent so as to allow all small seeds to come against the meshes of the screen and pass through them more certainly than if not retarded by the slats in passing over such meshes. The machine of defendant has the same inclined screen and revolving belt with cross slats as the Lucas patent, except that the belt is raised from the screen, so that the cross slats do not come in contact with, nor in near proximity to, the screen in passing over it, but pass one-half inch above the screen; and that along each of said slats, and distant two inches from each other, are set in holes one-fourth of an inch in diameter little brushes or tufts of fibrous material, one-half inch in length, and so set that

the brushes upon one slat do not follow the brushes upon the preceding slats, and thus in the revolutions of the belt the face of the screen is swept by these small brushes, and cleared of chaff, dirt, and material liable to adhere to the screen, and hinder the passage of seeds through its meshes. While the small brushes have a tendency to retard the flow of the grain down the inclined screen, and deflect to one side or the other such grains as strike against the small brushes, they cannot and do not hold the grain in banks as do the slats in the Lucas patent. For the separation of wheat from oats or the separation of other grains of differing lengths the defendant's machine has a wide belt or apron of canvas, one end of which is hooked to the side of a slat, and then by the rotary motion of the endless belt running over the screen downwards the apron covers it over the ends of the small brushes, and is drawn tight by the movement, and brought and kept in contact with the screen, holding the kernels of grain flat upon the screen, and permitting the shorter kernels to pass through the holes or meshes while the longer kernels are held flat, and not allowed to pass endwise through the same holes or meshes, but are carried to the bottom of the screen. The complainant claims that with this apron the grain in passing down the inclined screen forms into pockets or banks where the brushes under the slats press the apron against the screen, making the device the equivalent of that of the Lucas patent. A practical working of the machine of defendant satisfies me that such is not the case. The slats with brushes are but four or five inches apart, and press the canvas against the screen. The motion of the endless belt, always in one direction, draws this canvas tight between these slats, so that the canvas runs in contact with the face, or upper side, of the inclined screen from near the top to near the bottom of the screen, and the grain cannot and does not slide under the canvas faster than the motion of the canvas allows it to pass along, until, as a slat is raised by the turn at the bottom of the machine, the canvas between it and the next following slat is raised from the screen, and the grain under that part of the canvas, being released, drops together over the bottom of the screen. The contact of the canvas resting on the grain prevents any chance for the rolling of the grain such as may occur as it follows the slats in the Lucas patent.

My conclusion is that the defendant's machine does not infringe the Lucas patent, assuming that the Lucas patent is valid as to its second specification. But the device of an endless belt with a slat or slats having on each a continuous brush to sweep and cleanse an inclined screen was old, and free to the public, before the Lucas invention or patent. If, in that state of the art, the defendant had upon all its slats placed continuous brushes to cleanse its inclined screen, it would be only using a device which it was free to use for that purpose, even though the effect in that case would be that the grain would form in banks against such continuous brushes, and be retarded by them, and roll freely in passing down the screen, following such brushes, just as it rolls in following the slats in the Lucas patent. Decree may be entered dismissing the bill upon the merits, with costs.